Wood v. Carter.

---

## Benjamin W. Wood v. Ida Carter.

1. DEEDS—*A Deed Construed.*—A covenant in a deed granted the right of way over, across and upon a private alley, " to be kept opened and maintained," and reserved " the right of arching over the said alley-way at a height of not less than ten feet from the ground." *Held*, that the word " ground " referred to the surface of the earth as it might be from time to time, and not to the surface as it was in its original state, and that an alley of the agreed width, free from obstructions, and giving free passage to teams and loads able to pass under any covering not less than ten feet above the surface of the alley, must be kept and maintained.

2. EASEMENTS—*Abandonment of, by Implication.*—An owner of land is entitled to whatever appurtenances belong to his land, regardless of the mode in which he uses them, and the fact that he builds on his land in such a way as to interfere with the use of an easement can not be held to be an abandonment of it.

Covenant, for a failure to maintain a private alley. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 6, 1897. Rehearing denied. Opinion filed May 24, 1897.

OLIVER & MECARTNEY, attorneys for appellant.

MONK & ELLIOTT, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action of covenant by the appellant against the appellee. The only question in the case is upon the con-

struction of words in a warranty deed from William Speight
and wife.

By events since the making of the deed the appellant has
succeeded to the benefit secured by those words, and the
appellee is bound to perform what they require.

The words follow a description in the deed of the prem-
ises conveyed, and are as follows :

" Also the right of way over, across and upon a private
alley, to be kept opened and maintained by the said Speights
and all future owners of the residue of said sub-lot one, upon
the east eight feet nine inches (8¾ feet) of the south thirty-
three (33) feet of said sub-lot one; said alley was to be only
for the use in common of all the owners and occupants of
said sub-lot one, and for the use of no other persons or prop-
erty soever; said Speight reserving to himself, and such
future owners, the right of arching over the said alley-way
at a height of not less than ten (10) feet from the ground,
thereby making the same a covered passage-way."

The south thirty-three feet of sub-lot one is the northeast
corner of Huron and Clark streets in Chicago, and the prem-
ises conveyed were next north thereof.

Huron is an east and west street, so that the premises
conveyed have no access to Huron street without this
alley.

The principal contention is on the word " ground."

The appellee insists, and the court held, that it meant the
surface of the earth as the aborigines left it, or at latest as
it was at the date of the deed, September 15, 1864.

The appellant claims a practicable alley for wagons from
Huron street to the premises conveyed, regardless of changes
in the surface of Huron street.

That at the date of the deed it was intended that this
alley should give access with wagons to the rear of the
premises conveyed, can hardly admit of doubt.

Access from Clark street there was—the front was there.
The alley is not upon some part of the eight feet nine inches,
but upon the whole, one part as much as another. The
height, unobstructed, is to be not less than ten feet, and with

these features it is to be "kept and maintained" by the grantor and his successors. "Ground" most frequently means earth surface; but it also means the lower surface in the space to which the word relates, as the dictionaries teach us, and as popular writers exemplify.

Such an alley as will give free passage from Huron street, with teams and loads that will go under any covering not less than ten feet above the surface of the alley, the appellee must keep and maintain.

The case having been tried without a jury, we would be glad to enter final judgment here; but there is not sufficient data for us to fix the damages to which the appellant is entitled by reason of the breach of the covenant.

The fact of the breach, under our construction of the covenant, is not denied.

The judgment is reversed and the cause remanded.

Mr. Justice Gary on petition for rehearing.

This petition calls upon us to take more notice of some circumstances shown in the record than we did in the original opinion.

First.    Ten years after the deed was made the appellant built upon the property he holds, and in so doing, he built on his lot, at the north end of the passage-way, a wall to prevent the earth of his lot from falling into the alley, the surface of which was then lower than Huron street, and lower than the surface of the rear of the lot; and also so occupied his lot by building that no wagon could go upon the lot and turn.    This, it is insisted, was a practical construction by the appellant of the covenant, and also an abandonment of the easement, further than as a foot-way.

But the convenience of a wagon-way to Huron street, while not as great when the wagon must back in, is not thereby wholly lost.    It may be a valuable incident to the lot that goods can be received and delivered in that way, and the appellant is entitled to whatever appurtenances belong to his lot, regardless of the mode in which he will use it.

Second.    That the opinion is wrong in not considering

that the reservation of the right of arching the alley was also a reservation of a right to support the arch on the eight and three-quarters feet.

The arch was the grantor's own affair. How he should support it was no more the concern of the appellant than of what material it should be built.

All the interest that the appellant had in the arch was that the width and height of the way should not be diminished to such an extent as to seriously embarrass the use of the alley by wagons.

If a support of an arch can be so placed in the eight and three-quarters feet as not to have that effect, such support would not be a breach of the covenant.

The petition is denied.